UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOYCE HOOD, | CASE NO. 1:07 CV 2209 |
| Plaintiff, | JUDGE JAMES S. GWIN |
| v. | MEMORANDUM OF OPINION AND ORDER |
| TEMPO PRODUCTS CO., et al., | |
| Defendants. | |

On July 23, 2007, plaintiff <u>pro se</u> Joyce Hood filed the above-captioned action. In an entry dated September 6, 2007, plaintiff was notified that there were no facts alleged in the complaint which could be construed to set forth a valid federal claim for relief, and she was ordered to file an amended complaint setting forth a valid claim. Plaintiff filed an amended complaint on September 27, 2007.

The amended complaint, while unclear and sometimes illegible, indicates that Ms. Hood was terminated from her job on the grounds of insubordination and not getting along with other employees

As a threshold matter, a complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. <u>See</u> <u>Schied v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.

**Beaudett v. City of Hampton**, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a **pro se** plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." **Id.**  Moreover, plaintiff's failure to identify a particular legal theory places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising and the defenses they might assert in response.  See **Wells v. Brown**, 891 F.2d at 594.

Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. **Morgan v. Church's Fried Chicken**, 829 F.2d 10, 12 (6th Cir. 1987); **see also**, **Place v. Shepherd**, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed).  Even liberally construed, the amended complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim.  **See**, **Lillard v. Shelby County Bd. of Educ,**, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed.

                IT IS SO ORDERED.


Dated: October 15, 2007                s/        *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNIT4ED STATES DISTRICT JUDGE